## Mesker Bros. Iron Company *v.* Burke Brothers, Inc., Appellant.

Argued March 14, 1967.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alvin B. Coppolo,* with him *Driscoll, Gregory & Coppolo,* for appellant.

*Norbert J. Pontzer,* with him *Pontzer & Pontzer,* for appellee.

OPINION PER CURIAM, April 18, 1967:

Burke Brothers, Inc. entered into a contract with the Pennsylvania State Public School Building Authority for the general construction of a new secondary school in Clearfield County, Pennsylvania. Burke then entered into a sub-contract with Mesker Bros. Iron Company to furnish metal windows and window wall construction for the building at a cost of $19,950. Burke paid Mesker only $9,411.94, and Mesker sued for the balance of $10,538.06. Burke answered that Mesker had failed to deliver the windows at the times stipulated upon between them and that, as a result of such failure, Burke was required to enclose the building by erecting supports to which temporary window coverings were attached. Burke claimed, in addition, that he sustained further financial damage since the failure to deliver the windows on time delayed the course of construction for approximately 14 weeks and accordingly increased the cost of supervision. Thus, Burke claimed that Mesker was indebted to Burke in the sum of $3,800 over and above the $10,538.06 withheld.

Mesker's contention has been that the failure to deliver the windows at the stipulated time was the fault of the architect for which it should not be held responsible.

By stipulation of counsel, the case was tried without a jury, and the court found in favor of Mesker in the sum of $10,538.06. Burke filed exceptions which were overruled; hence this appeal.

The court below has made detailed findings of fact based on the evidence. We find no reason for disturbing those findings or the conclusions of law arrived at. The record supports the finding that both parties to the subcontract knew that, as to the windows, the architect's final approval was required; that Burke did not attempt to secure, as it had the option to do, a performance bond from Mesker but took its chances as to the quality and timeliness of Mesker's performance; that Burke contracted with Mesker in spite of knowledge that the architect was of the opinion that Mesker's sash would not comply with the contract specifications and that the architect had, as stated by the court below, "formally rejected Mesker on May 2, 1962, 11 days prior to Burke's acceptance of Mesker's proposal." When Mesker at Burke's behest submitted a sample for a 2 inch sash (instead of a ½ inch sash), the architect immediately approved it, subject to additional air infiltration test data. The architect at first refused to accept Mesker's initial test data submitted by it and demanded further test data. However, the architect eventually accepted the initial test data originally submitted by Mesker.

Under all these circumstances it cannot be said that the court below abused its discretion in finding that Mesker was not guilty of undue delay in obtaining the architect's final approval. This conclusion leads to the necessary result that Mesker is not liable to Burke for the claimed increased costs and Burke is liable to Mesker for the balance due under its subcontract in the amount of $10,538.06.

Judgment affirmed.

Mr. Justice COHEN and Mr. Justice ROBERTS concur in the result.